# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TIMOTHY CUNNINGHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 04-583-WDS |
| | ) | |
| **WARDEN FINLEY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In his complaint, Plaintiff presents a laundry list of generalized grievances about the overall conditions at Menard – cleanliness and sanitation, climate control, meal quality, medical care, access to religious programs, and availability of legal services. With a few exceptions, though, he makes no specific allegations against any particular defendant.

### *Nurse Pollard*

Plaintiff's first mention of a specific defendant is found on page 5 of the complaint, under the heading "Healthcare" enumerated as his fourth claim. In that paragraph, he states that another inmate was acting suicidal, yet Pollard refused to check on him. Plaintiff has no standing to sue over lack of medical treatment for another inmate, and this allegation does not entitle Plaintiff to any relief under § 1983. Therefore, he has failed to state a claim against Pollard, and Pollard is dismissed from this action with prejudice.

### *C/O Lockheed*

Plaintiff states that Lockheed neglects to inform new inmates of the weekly laundry schedule. Lockheed also bypasses inmates who are sleeping or "otherwise occupied" when he collects laundry. As a result, Plaintiff wore the same jumpsuit for at least two weeks between washings, and Lockheed would not provide him with a clean one.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Neither element is satisfied by Plaintiff's brief allegation about the frequency of laundry

service.  Therefore, he has failed to state a claim against Lockheed, and Lockheed is dismissed from this action with prejudice.

### *Nealy Flamm*

The only specific mention of Flamm is in regard to Plaintiff's grievances; on more than one occasion, Flamm has told Plaintiff that she did not received his grievances.  The Court cannot imagine how Flamm could violate Plaintiff's constitutional rights by not *receiving* a grievance.  Further, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).  Therefore, Plaintiff has failed to state a claim against Flamm, and she is dismissed from this action with prejudice.

### *Major Inman and Lt. Ashby*

Plaintiff claims that on one occasion in May 2004, he was physically threatened by these defendants.  It is clear that the *use* of excessive force is actionable under the Eighth Amendment.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  However, a single isolated event of a verbal *threat* of force is not.  Therefore, Plaintiff has failed to state a claim against Inman and Ashby, and they are dismissed from this action with prejudice.

### *Other Defendants*

As for the remaining defendants, Plaintiff merely includes a catch-all statement that "all complaints are funneled through day-shift staff, which includes the following...."  He then simply lists 11 individuals: C/O Lockheed, Lt. Ashby, Nealy Flamm, Major Inman, Mary West, Pam

Grubman, Nurse Gladson, Major Uchtman, Warden Finley, Nurse Pollard and an unnamed guard from the second shift. These generalized statement is hardly sufficient to state a claim against any of these individuals.

In summary, Plaintiff has failed to state a viable claim against any defendant, and his complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: November 6, 2006.**

                                        **s/ WILLIAM D. STIEHL**
                                        **DISTRICT JUDGE**